```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
WILLI ADAMES,

                    Plaintiff,
                                         MEMORANDUM & ORDER
          -against-                      18-CV-4069(JS)(SIL)

THE COUNTY OF SUFFOLK COURT;
DETECTIVE ARNOLD HILLIAN,
PID: 3362, Det. 1404; TIMOTHY D.
SINI, DISTRICT ATTORNEY OF SUFFOLK
COUNTY; SUFFOLK COUNTY JAIL; and
SUFFOLK COUNTY DA'S OFFICE,

                    Defendants.
----------------------------------X
```

APPEARANCES
For Plaintiff:      Willi Adames, pro se
                    A#046775189
                    Bergen County Jail
                    E-44202
                    160 South River Street
                    Hackensack, New Jersey 07601

For Defendants:     No appearances.

SEYBERT, District Judge:

On July 12, 2018, incarcerated pro se plaintiff Willi Adames ("Plaintiff") filed a Complaint (see, D.E. 1) in this Court pursuant to 42 U.S.C. § 1983 ("Section 1983") against the County of Suffolk Court ("County Court"), Detective Arnold Hillian ("Det. Hillian"), Suffolk County District Attorney Timothy D. Sini ("D.A. Sini"), the Suffolk County Jail (the "Jail"), and the Suffolk County DA's Office (the "DA's Office" and collectively, "Defendants"), accompanied by an application to proceed in forma pauperis, (IFP Mot., D.E. 2). On October 1, 2018, Plaintiff filed

an application for the appointment of pro bono counsel to represent him in this case. (Mot., D.E. 10.)

Upon review of the declaration in support of the application to proceed in forma pauperis, the Court finds that Plaintiff is qualified to commence this action without prepayment of the filing fee. See 28 U.S.C. §§ 1914(a); 1915(a)(1). Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED. However, for the reasons that follow, Plaintiff's Section 1983 claims against the County Court, the Jail, and the DA's Office are DISMISSED WITH PREJUDICE. Plaintiff's Section 1983 claims against D.A. Sini and Det. Hillian are DISMISSED WITHOUT PREJUDICE. Given the dismissal of the Complaint, Plaintiff's application for the appointment of pro bono counsel is DENIED.

THE COMPLAINT[1]

Plaintiff's Complaint is submitted on the Court's Section 1983 Complaint form and is brief. The following facts, in their entirety, are alleged:

> I was arrested on 12-16-2017 and I sat in Riverhead County Jail located in Suffolk County, New York. My case was dismissed on 5-2-2018. Docket # CR-025969-17SU. Log #

---

[1] The following facts are taken from Plaintiff's Complaint and are presumed to be true for the purposes of this Memorandum and Order. Excerpts from the Complaint as reproduced here exactly as they appear in the original. Errors in spelling, punctuation, and grammar have not been corrected or noted.

> 2017SU025969. I would like to be compensated for the time I was held in Suffolk County Jail for the false charges I've been accused of. I've spent 5 months incarcerated for something that never happened. I've lost my job, my place of residence and my reputation. All stemming from malicious prosecution where I've only time and time again stood by my innocents, plus mental health issues.

(Compl. ¶ II.) In the space on the Complaint form that calls for a description of any claimed injuries, Plaintiff alleges: "Mental health--experiencing nightmares, depression, can't sleep, anxiety." (Compl. ¶ II.A.) Plaintiff also alleges that he has received "mental health counseling." (Compl. ¶ II.A.) For relief, Plaintiff seeks an unspecified sum "for pain suffering false arrested on going mental health issues. And of course my reputation as a man and farther." (Compl. ¶ III.)

## DISCUSSION

### I. In Forma Pauperis Application

Upon review of Plaintiff's declarations in support of his application to proceed in forma pauperis, the Court finds that Plaintiff is qualified to commence this action without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED.

### II. Application of 28 U.S.C. § 1915

Section 1915 of Title 28 requires a district court to

3

dismiss an in forma pauperis complaint if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii), 1915A(b). The Court is required to dismiss the action as soon as it makes such a determination. See id. § 1915A(b).

Courts are obliged to construe the pleadings of a pro se plaintiff liberally. See Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004). However, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678; accord Wilson v. Merrill Lynch & Co., 671 F.3d 120, 128 (2d Cir. 2011). While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic

4

recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

III. Section 1983

Section 1983 provides that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983; accord Rehberg v. Paulk, 566 U.S. 356, 361, 132 S. Ct. 1497, 1501-02, 182 L. Ed. 2d 593 (2012). To state a claim under Section 1983, a plaintiff must "'allege that (1) the challenged conduct was attributable at least in part to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States.'" Rae v. Cty. of Suffolk, 693 F. Supp. 2d 217, 223 (E.D.N.Y. 2010) (quoting Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999)).

A. Claims Against the Jail, the County Court, and the DA's Office

Plaintiff's Section 1983 claims against the Jail, the County Court, and DA's Office are not plausible because none of these entities have independent legal identities. It is

well-established that "under New York law, departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and, therefore, cannot sue or be sued." Davis v. Lynbrook Police Dep't, 224 F. Supp. 2d 463, 477 (E.D.N.Y. 2002); Trahan v. Suffolk Cty. Corr. Fac., 12-CV-4353, 2012 WL 5904730, *3 (E.D.N.Y. Nov. 26, 2012) (dismissing claims against the Suffolk County Jail because it "is an administrative arm of Suffolk County, without an independent legal identity."); see also Gollomp v. Spitzer, 568 F.3d 355, 366–67 (2d Cir. 2009) ("[E]very court to consider the question of whether the New York State Unified Court System is an arm of the State has concluded that it is . . ."); Woodward v. Office of Dist. Atty., 689 F. Supp. 2d 655, 658 (S.D.N.Y. 2010) ("[T]he District Attorney's Office is not a suable entity[.]"). Thus, Plaintiff's Section 1983 claims against the Jail, the County Court and the DA's Office are not plausible and are DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(b)(ii); 1915A(b). Given Plaintiff's pro se status and affording his Complaint a liberal construction, the Court has considered whether Plaintiff has alleged a plausible Section 1983 claim against the respective municipalities, namely Suffolk County and New York State, and finds that he has not for the reasons that follow.

1. <u>Claims As Construed Against Suffolk County</u>

It is well-established that a municipality such as Suffolk County cannot be held liable under § 1983 on a respondeat superior theory. See <u>Monell v. Dep't of Soc. Servs. of N.Y.C.</u>, 436 U.S. 658, 691, 98 S. Ct. 2018, 2036, 56 L. Ed. 2d 611 (1978); <u>Roe v. City of Waterbury</u>, 542 F.3d 31, 36 (2d Cir. 2008). To prevail on a Section 1983 claim against a municipality, a plaintiff must show "that 'action pursuant to official municipal policy' caused the alleged constitutional injury." <u>Cash v. Cty. of Erie</u>, 654 F.3d 324, 333 (2d Cir. 2011) (quoting <u>Connick v. Thompson</u>, 131 S. Ct. 1350, 1359, 179 L. Ed. 2d 417 (2011)); <u>see</u> <u>also</u> <u>Monell</u>, 436 U.S. at 690-91. "[L]ocal governments . . . may be sued for constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." <u>Monell</u>, 436 U.S. at 690-691 (internal citation omitted).

To establish the existence of a municipal policy or custom, the plaintiff must allege: (1) the existence of a formal policy which is officially endorsed by the municipality, <u>see</u> <u>Connick</u>, 131 S. Ct. at 1359; (2) actions taken or decisions made by municipal policymaking officials, <u>i.e.</u>, officials with final

decisionmaking authority, which caused the alleged violation of the plaintiff's civil rights, see Amnesty Am. v. Town of W. Hartford, 361 F.3d 113, 126 (2d Cir. 2004); Jeffes v. Barnes, 208 F.3d 49, 57 (2d Cir. 2000); (3) a practice "so persistent and widespread as to practically have the force of law," Connick, 131 S. Ct. at 1359; see also Green v. City of N.Y., 465 F.3d 65, 80 (2d Cir. 2006), or that "was so manifest as to imply the constructive acquiescence of senior policy-making officials," Patterson v. Cty. of Oneida, N.Y., 375 F.3d 206, 226 (2d Cir. 2004) (internal quotation marks and citations omitted); or (4) that "a policymaking official exhibit[ed] deliberate indifference to constitutional deprivations caused by subordinates." Cash, 654 F.3d at 334 (internal quotation marks and citations omitted); see also Okin v. Vill. of Cornwall-on-Hudson Police Dep't, 577 F.3d 415, 439 (2d Cir. 2009) (A municipal custom may be found when "'faced with a pattern of misconduct, [the municipality] does nothing, compelling the conclusion that [it] has acquiesced in or tacitly authorized its subordinates' unlawful actions.'") (quoting Reynolds v. Giuliani, 506 F.3d 183, 192 (2d Cir. 2007) (second alteration in original)).

Here, even affording the pro se Complaint a liberal construction, there are no factual allegations from which the Court

could reasonably construe a plausible Section 1983 cause of action against Suffolk County. Accordingly, Plaintiff's Complaint, as construed against Suffolk County does not allege a plausible Section 1983 claim.

2. Claims as Construed against New York State

Even construing Plaintiff's Section 1983 claims as against the State of New York, Plaintiff has not alleged a plausible claim. It is well-established that the Eleventh Amendment bars Plaintiff's claims seeking exclusively monetary damages against the State of New York. See Gollomp, 568 F.3d at 366 ("[T]he New York State Unified Court System is an arm of the State [ ], and is therefore protected by Eleventh Amendment sovereign immunity"); see also Quiles v. City of N.Y., No. 01-CV-10934, 2002 WL 31886117, at *2 (S.D.N.Y. Dec. 27, 2002) ("[T]he Eleventh Amendment prohibits individuals from suing the District Attorney's Office, an arm of the state, for damages under 42 U.S.C. § 1983 arising from prosecutorial decisions.") Thus, even when construed as against the State of New York, Plaintiff has not alleged a plausible claim for relief.

B. Claims Against Det. Hillian and DA Sini

In order to state a claim for relief under Section 1983 against an individual defendant, a plaintiff must allege the

personal involvement of the defendant in the alleged constitutional deprivation. Farid v. Elle, 593 F.3d 233, 249 (2d Cir. 2010). The Supreme Court held in Iqbal that "[b]ecause vicarious liability is inapplicable to . . . [section] 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." 556 U.S. at 676, 129 S. Ct. at 1948. Thus, a "plaintiff asserting a Section 1983 claim against a supervisory official in his individual capacity" must sufficiently plead that the "supervisor was personally involved in the alleged constitutional deprivation." Rivera v. Fischer, 655 F. Supp. 2d 235, 237 (W.D.N.Y. 2009). A complaint based upon a violation under Section 1983 that does not allege the personal involvement of a defendant fails as a matter of law and should be dismissed. Johnson v. Barney, 360 F. App'x 199, 201 (2d Cir. 2010).

Here, Plaintiff's brief Complaint does not include any factual allegations sufficient to demonstrate personal involvement by Det. Hillian and DA Sini regarding the events alleged in the Complaint. To the extent that Plaintiff seeks to impose liability against DA Sini, it appears that Plaintiff's claim is based solely on the supervisory position he holds. Wholly absent, however, are any allegations sufficient to establish any personal involvement

10

by DA Sini in the conduct of which Plaintiff complains. A supervisor cannot be liable for damage under Section 1983 solely by virtue of being a supervisor because there is no respondeat superior liability under Section 1983. Richardson v. Goord, 347 F.3d 431, 435 (2d Cir. 2003). Accordingly, because Plaintiff has not alleged any factual allegations of conduct or inaction by Det. Hillian or DA Sini, Plaintiff's claims against these Defendants are not plausible and are DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(b)(ii); 1915A(b).

    C.    Leave to Amend

Given the Second Circuit's guidance that a pro se complaint should not be dismissed without leave to amend unless amendment would be futile, Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000), the Court has carefully considered whether leave to amend is warranted here. Because the defects in Plaintiff's claims against the Jail, the County Court, and the DA's Office are substantive and would not be cured if afforded an opportunity to amend, leave to amend the Complaint against the Jail, the County Court, and the DA's Office is DENIED. However, in an abundance of caution, Plaintiff is GRANTED leave to file an Amended Complaint in order to allege any valid claims he may have against Det. Hillian, DA Sini, and/or any other proper Defendant. Any Amended

Complaint shall be clearly labeled "Amended Complaint", shall bear the same docket number as this Memorandum and Order ("M&O"), 18-CV-4069(JS)(SIL), and shall be filed within thirty (30) days from the date of this M&O. Plaintiff is cautioned that an Amended Complaint completely replaces the original. Therefore, Plaintiff must include any and all claims against any Defendant(s) he seeks to pursue in the Amended Complaint.

CONCLUSION

For the reasons set forth above, Plaintiff's application to proceed in forma pauperis is GRANTED, however the Complaint is sua sponte DISMISSED WITH PREJUDICE as against the Jail, the County Court, and the DA's Office for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1). Plaintiff is GRANTED LEAVE TO FILE AN AMENDED COMPLAINT IN ACCORDANCE WITH THIS M&O WITHIN THIRTY (30) DAYS FROM THE DATE AT THE BOTTOM OF THIS PAGE. Given the dismissal of the Complaint, Plaintiff's application for the appointment of pro bono counsel is DENIED.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is DENIED for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is further directed to mail a copy of this Memorandum and Order to the pro se Plaintiff.

SO ORDERED.

/s/ JOANNA SEYBERT_____
Joanna Seybert, U.S.D.J.

Dated: May __14__, 2019
       Central Islip, New York